No. 593

INDUSTRIAL COMMISSION v. LIKENS

Ohio Appeals. 9th District Summit Co.

No. 1115. Decided April 28, 1926.

**1283. WORKMEN'S COMPENSATION—** Where evidence shows that decedent in no way contributed to support of applicant for workmen's compensatin, but that sums and presents given such applicant were mere gifts, it is error to refuse a special charge thereon.

WASHBURN, J.

This case originated through an application filed with the industrial commission by Laura M. Likens for compensation for the death of her father. The industrial commission having refused compensation Likens appealed to Summit Common Pleas where the case was tried to a jury which rendered judgment in favor of Likens.

Industrial Commission appeals to this court alleging various errors in the charge of the lower court.

From the evidence submitted it seems that the father did not reside with Likens and that Likens was in no way dependant upn him for support. The evidence further shows that Likens was married, that her husband was earning enough to comfortably support the family and that during the year previous to the father's death Likens and her husband made sufficient to pay off a debt to the father of more than eleven hundred dollars ($1100.00), and that at the death of the father they were not in debt but were prosperous and living in their own home. The father had, during the last three years of his life visited Likens about every two weeks and upon each visit made gifts to her ranging from $5 to $25, and often bought her clothing and gifts for her personal support and enjoyment.

The court refused to charge on the subject of "gifts and presents."

On review the court of appeals held:

1. From the evidence introduced it does not seem that the applicant derived her support in any manner from her father.

2. The stopping of the gifts of the father does not seem to effect in any manner the mode of living of the applicant.

3. The gifts merely tended to increase the assets of the family and only that was effected by the father's death.

4. In view of these facts it was error for the court to refuse to charge separately on the subject of "gifts and presents."

Judgment reversed case remanded for new trial.

Attorneys—C. C. Crabbe, Att. G., and R. R. Zurmehly, Asst. (Columbus); G. W. Booth, Pros. Att'y., and H. W. Slabaugh, Asst., (Akron) for Industrial Commission; Musser, Kimber & Huffman, (Akron) for Likens.